IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re | § § | |
| BNP PETROLEUM CORPORATION | § § | Case No. 09-20206 |
| BNP OIL & GAS PROPERTIES, LTD. | § § § | Case No. 09-20612 |
| | § § | Chapter 7 |
| Debtors. | § § | Jointly Administered |

___

| | | |
|---|---|---|
| MICHAEL B. SCHMIDT, TRUSTEE | § § | Adversary No. 10-02056 |
| Plaintiff | § § § | |
| v. | § § | |
| PAUL BLACK, ET AL. | § § § | |
| Defendants. | § | |

**SEASHORE INVESTMENTS MANAGEMENT TRUST'S ANSWER AND STATEMENT
OF DEFENSES TO TRUSTEE'S PETITION FOR DECLARATORY JUDGMENT**
(Related to Adv. Doc. No. 1)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Seashore Investments Management Trust ("Seashore") hereby files its Answer and Statement of Defenses to the Trustee's Petition for Declaratory Judgment (the "Petition") and this respectfully represents as follows:

**ANSWER**

1. Seashore denies the jurisdictional allegation in paragraph 1.1.

2. Seashore denies the allegation in paragraph 1.2 that all persons having a claim or interest that is affected by the relief sought in the Petition are listed in paragraph 1.2. Seashore also has a prior right and claim and/or interest that could be affected by this adversary. Seashore

HOU_IMANAGE-980453.1

is without sufficient information to admit or deny the remainder of the allegations in paragraph 1.2, and therefore, denies the remainder of paragraph 1.2 in its entirety.

3. For purposes of this Answer, Seashore denies the allegations contained in paragraphs 2.1 to 2.7.

4. Seashore admits the allegation in paragraph 2.8 that this Court lifted the automatic stay to permit Seashore to reduce the Arbitration Award to a final judgment and pursue collection against Paul Black and his entities. Seashore denies that its counsel made statements limiting collection efforts to Paul Black.

5. Paragraph 3.1 is a request for relief that need not be admitted or denied. To the extent that a response is required, Seashore denies any and all allegations contained in paragraph 3.1.

6. All allegations in the Petition not specifically admitted herein are denied, including all subparts to paragraphs, including all "wherefore" clauses and any and all unnumbered paragraphs.

## DEFENSES

7. The Petition is an impermissible attempt[1] to substantively consolidate the Debtors' estates with non-Debtors. Paul Black and the other entities listed in the Petition (the "Paul Black Entities"), with the exception of Pagenergy Company LLC ("Pagenergy"), are not bankruptcy debtors, and the Trustee may not effect a *de facto* substantive consolidation through the Petition for several reasons. First, substantive consolidation of non-debtors is not permitted. S*ee Helena Chem. Co. v. Circle Land & Cattle Corp. (In re Circle Land & Cattle Corp.)*, 213 B.R. 870, 876-77 (Bankr. D. Kan. 1997) (holding that courts do not have subject matter

---

[1] The Trustee has also filed a procedurally deficient Motion for Turnover (Docket No. 948) which attempts, in a similarly improper way, to assert control over parties and properties which are subject to the final Arbitration Award granted to Seashore.

jurisdiction over non debtors and that substantive consolidation should not be used to circumvent the involuntary bankruptcy petition procedures of § 303 of the Bankruptcy Code); *see also Morse Operations, Inc. v. Robins Le-Cocq, Inc. ( In re Lease-A-Fleet, Inc.)*, 141 B.R. 869, 872 (Bankr. E.D. Penn. 1992) ("[A]s careful as the courts must be in allowing substantive consolidation of *debtors* to occur ... the caution must be multiplied exponentially in a situation where a consolidation of a debtor's case with a non-debtor is attempted."). Second, if the Trustee seeks substantive consolidation, he must plead and prove an action for substantive consolidation, which the Petition does not do.

8.  Moreover, the Trustee may not substantively consolidate the assets of the Debtors with those of Pagenegy without establishing that such "an extreme and unusual remedy" is necessary as a last resort. *See Gandy v. Gandy (In re Gandy)*, 299 F.3d 489, 499 (5th Cir. 2002); *see also In re Owens Corning*, 419 F.3d 195, 211 (3rd Cir. 2005) ("Indeed, because substantive consolidation is extreme … and imprecise, this 'rough justice' remedy should be rare and, in any event, one of last resort after considering and rejecting other remedies."). Whether substantive consolidation is warranted is a highly fact specific analysis based on a multi-factor test. The Trustee has not pled substantive consolidation or the applicable factors, and this Court should not grant relief that is tantamount to substantive consolidation without appropriating pleading and proof.

9.  The Petition also cannot serve as a substitute for filing an involuntary bankruptcy case against Paul Black and the Paul Black Entities. The Bankruptcy Code provides a procedure for initiating an involuntary bankruptcy, and the Trustee has not complied with that procedure. *See* 11 U.S.C. § 303. If the Trustee wants to obtain the benefits associated with placing an entity

into bankruptcy, he must comply with the applicable requirements and accept the burdens of bankruptcy as well.

10. The Petition relies on an Arbitration Award obtained by Seashore as the basis for its conclusion that Paul Black and the Paul Black Entities are "alter egos" of the Debtors, but the Arbitration Award makes no such finding or conclusion. Further, it is inappropriate for the Trustee to use the Arbitration Award beyond its intended purpose, which was to provide Seashore with a substantial monetary award. If the Trustee wants this Court to declare that Paul Black, the Paul Black Entities, and the Debtors are "alter egos" or a "single business enterprise," then the Trustee must plead and prove the necessary elements and cannot rely on the Arbitration Award.

## DEMAND FOR JURY TRIAL

Subject to the denial of this Court's jurisdiction, Seashore demands a trial by jury on all issues and claims in the Petition and of all issues so triable as of right, and does not consent to such trial by the Bankruptcy Court.

WHEREFORE, Seashore, though its undersigned counsel, respectfully requests dismissal of the Petition with prejudice, denials jurisdiction over this matter, demands a trial by jury, and such other relief as this Court deems just and equitable.

Respectfully submitted December 13, 2010.

        **KING & SPALDING LLP**

        By: /s/ Mark W. Wege
        Henry J. Kaim
        Texas Bar No. 11075400
        HKaim@kslaw.com
        Mark W. Wege
        Texas Bar No. 21074225
        MWege@kslaw.com
        1100 Louisiana, Suite 4000

Houston, Texas  77002
Telephone:  (713) 751-3200
Fax: (713) 751-3290

**ATTORNEYS FOR SEASHORE INVESTMENTS MANAGEMENT TRUST**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December 2010, a true and correct copy of the foregoing was served upon the following via the Clerk's Office ECF noticing facilities by electronic mail, and by U.S. certified mail, return receipt requested:

Michael B. Schmidt, Trustee
555 N Carancahua Ste 1550
Corpus Christi, TX 78478

Michael Stuart Lee
The Lee Firm PC
615 N Upper Broadway Ste 708
Corpus Christi, TX 78401
Counsel for Trustee

/s/ Mark W. Wege
Mark W. Wege